IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**HYDROCO, INC.**                                                              **PLAINTIFF**

**V.**                               **NO. 3:21-CV-75-DMB-RP**

**LAURA STADLER (KORONCZOK)**
**and GTB, LLC**                                                  **DEFENDANTS**

**ORDER**

On April 8, 2021, Hydroco, Inc. filed a complaint in the United States District Court for the Northern District of Mississippi against Laura Stadler (Koronczok) and GTB, LLC.[1] Doc. #1. The complaint, which alleges various state law claims, asserts diversity jurisdiction. *Id.* at ¶ 4.

The Court has "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). Diversity jurisdiction requires that there be (1) complete diversity between the parties and (2) an amount in controversy more than $75,000. 28 U.S.C. § 1332; *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). Complete diversity requires that "all persons on one side of the controversy … be citizens of different states than all persons on the other side." *Smith v. Toyota Motor Corp.*, 978 F.3d 280, 281 (5th Cir. 2020). To allege the citizenship of a corporation, the party asserting jurisdiction must "set out the principal place of business of the corporation as well as the state of its incorporation." *Id.* at 282. To allege the citizenship of a limited liability company, the party asserting jurisdiction must "specifically allege the citizenship of every member of every LLC … involved in [the] litigation." *Id.*

---

[1] This case was initially assigned to United States District Judge Michael P. Mills but reassigned to the undersigned district judge following Judge Mills' recusal on March 18, 2022. *See* Doc. #45.

Here, the complaint alleges that Stadler may be served at a Texas address but it wholly fails to allege her citizenship. Doc. #1 at ¶ 2. And while the complaint alleges that "GTB, LLC, is a Texas corporation," it fails to identify GTB's principal place of business. *Id.* at ¶ 3. To the extent GTB is a limited liability company as its name implies, the complaint still fails to properly allege GTB's citizenship because it fails to identify and "specifically allege the citizenship of every member." *Smith*, 978 F.3d at 282. For these reasons, the complaint fails to adequately allege diversity jurisdiction.

Accordingly, Hydroco, as the party invoking this Court's jurisdiction, is **ORDERED TO SHOW CAUSE** within seven (7) days of the entry of this order why this case should not be dismissed for lack of diversity jurisdiction. Within the same seven-day period, Hydroco, pursuant to 28 U.S.C. § 1653, may file a statement of amendment regarding only the jurisdictional allegations of the complaint if it is able to adequately allege diversity jurisdiction.[2]

**SO ORDERED**, this 22nd day of July, 2022.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[2] To the extent Hydroco and GTB are corporations, each must also file a corporate disclosure statement as required by this Court's Local Rules. *See* L.U. Civ. R. 7(c).